IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

| | |
|---|---|
| GREGORY LEJUAN COOK | ) |
| | ) |
| v. | ) CV. NO. 08-PWG-144-E |
| | ) |
| D.B. DREW, WARDEN; AND B. CLAY, | ) |
| ACTING WARDEN AT FEDERAL | ) |
| CORRECTIONAL INSTITUTION AT | ) |
| TALLADEGA, ALABAMA, | ) |

<u>MEMORANDUM OF OPINION</u>

Gregory Lejuan Cook, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his conviction and sentence in the United States District for the Eastern District of Tennessee at Chattanooga. Cook is currently incarcerated in the Federal Correctional Institution in Talladega, Alabama within the Northern District of Alabama.

Cook previously filed a § 2255 motion in the sentencing court (Cook's exhibit G) which was denied on the merits. (Cook's exhibits J and K). The United States Court of Appeals for the Sixth Circuit denied his request for certificate of appealability because he could not "make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2). (Cook's exhibit N). Cook then sought to file a Rule 60(b) motion which the trial court construed as a § 2255 motion and transferred to the Sixth Circuit as a request for authorization to file a second or successive § 2255 motion. (Cook's exhibit O). The district court's actions were consistent with Sixth Circuit precedent. On June 12, 2006, the Sixth Circuit denied Cook's motion for permission to file a second or successive motion to vacate. (Cook's exhibit V).

In the motion before this court, Cook argues that his Fourteenth Amendment rights were violated by the prosecution, the probation office and the sentencing judge. The basis for each claim

is that he was sentenced as an Armed Career Criminal to a term of 95 months even though his instant firearm offense did not qualify him to be sentenced under that provision because his offense should have been possession of a firearm by a convicted felon. When addressing the claim of ineffective assistance of counsel, the sentencing court specifically addressed whether Cook had been properly sentenced as an armed career criminal. (Cook's exhibit K, pp. 19-23).

In *Medberry v. Crosby,* 351 F.3d 1049, 1058 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004), the Eleventh Circuit recognized that "there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, *inter alia*, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." The validity of a federal sentence may be collaterally attacked by filing a petition under 28 U.S.C. § 2255; however, under what is referred to as the "savings clause" of § 2255, a federal prisoner may challenge his federal sentence by filing a § 2241 petition if § 2255 relief would be inadequate or ineffective. *Sawyer v. Holder,* 326 F.3d 1363, 1365 (11th Cir. 2003), *cert. denied*, 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). The mere fact that Cook's challenge was unsuccessful in the United States District for the Eastern District of Tennessee at Chattanooga and on appeal in the United States Court of Appeals for the Sixth Circuit does not render § 2255 "inadequate or ineffective to test the legality of his detention." *Darby v. Hawk-Sawyer,* 405 F.3d 942, 945 (11th Cir. 2005); *McGhee v. Hanberry,* 604 F.2d 9, 10 (5th Cir. 1979).

In *Wofford v. Scott*, 177 F.3d 1236, 1244(11th Cir. 1999), the Eleventh Circuit Court of Appeals explained:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely

>foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*See also, Darby v. Hawk-Sawyer,* 405 F.3d at 945. "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." *Id., citing, Sawyer*, 326 F.3d at 1366.

Cook was not convicted of a crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent. His sentencing claims do not "rest upon a circuit law-busting, retroactively applicable Supreme Court decision." *Wofford*, 177 F.3d at 1245. Cook had a procedural opportunity to raise each of his claims at trial, on appeal, or in his first § 2255 motion. Cook's instant petition does not fit with the savings clause of § 2255. *Id*. Cook has not alleged that the § 2255 remedy was inadequate or ineffective. He simply seeks a different result from the same claims. He may not challenge his federal sentence in a § 2241 petition. A § 2255 motion may only be filed in "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The motion is due to be DISMISSED based on this court's lack of jurisdiction over this § 2255 motion which is properly filed in the United States District Court for the Eastern District of Tennessee.

Further, despite Cook's attempt to proceed pursuant to § 2241, the current challenge is actually an unauthorized second (or third) successive § 2255 motion. Section 2255 provides in pertinent part:

>A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) provides:

>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Burton v. Stewart*, __ U.S. __, 127 S.Ct. 793, 796, 166 L.Ed.2d 628, (2007), the United States Supreme Court held in the § 2254 context that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the district court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003), the Eleventh Circuit held in the § 2255 context:

>Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir.1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

A federal prisoner may not circumvent the restriction on second or successive § 2255 motions by filing the action purported to be based on 28 U.S.C. § 2241, *Wofford, supra,* or by filing a Rule 60(b) motion, *Farris, supra.* Cook did not receive authorization from the Eleventh Circuit Court of Appeals before filing this § 2255 motion. The motion is due to be DISMISSED based on this court's lack of jurisdiction to consider his second (actually third) or successive motion.

A final judgment will be entered.

As to the foregoing it is SO ORDERED this the 7th day of February, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE